1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6       FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    ROBERT WILLIAM WALTERS,
                                                No. C 07-04921 TEH (PR)
9              Plaintiff,
                                                ORDER OF SERVICE;
10        v.                                    DENYING MOTION FOR
                                                APPOINTMENT OF
11    M. EVANS, et al.,                         COUNSEL
12             Defendants.
     _____/          (Docket No. 3)
13

14        Plaintiff, a prisoner of the State of California, currently incarcerated at Kern

15   Valley State Prison ("KVSP") in Delano, California, has filed a pro se civil rights

16   complaint under 42 U.S.C. § 1983 alleging that he has been denied adequate medical

17   attention.  Plaintiff has also filed a motion for appointment of counsel.  (Docket no. 3.)

18                                   **DISCUSSION**

19   **A.    Standard of Review**

20        Federal courts must engage in a preliminary screening of cases in which

21   prisoners seek redress from a governmental entity or officer or employee of a

22   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

23   claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

24   frivolous, malicious, or fails to state a claim upon which relief may be granted," or

25   "seeks monetary relief from a defendant who is immune from such relief."  Id.,

26   § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v.

27   Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

28

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

2    (1) that a right secured by the Constitution or laws of the United States was violated,

3    and (2) that the alleged violation was committed by a person acting under the color of

4    state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

5    **B.    Venue**

6    Plaintiff alleges events that occurred while he was previously incarcerated at

7    Salinas Valley State Prison ("SVSP"), which lies within the venue of this judicial

8    district, and at KVSP, where he is currently incarcerated, which lies within the venue

9    of the Eastern District of California.  Plaintiff has named numerous defendants,

10   including those who reside within the venue of the Eastern District of California as

11   well as those who reside in this district.  Venue is proper in this district as many of the

12   named defendants reside, and a substantial part of the events giving rise to the action

13   occurred, in this district.  28 U.S.C. § 1391(b).  Therefore, at this time, the Court

14   retains jurisdiction over the action and all named defendants.

15   **C.    Legal Claims**

16   Deliberate indifference to serious medical needs violates the Eighth

17   Amendment's proscription against cruel and unusual punishment.  See Estelle v.

18   Gamble, 429 U.S. 97, 104 (1976).  Liberally construed, plaintiff's allegations that

19   defendants have denied him medical care for his injuries and pain state cognizable

20   claims under Section 1983 for deliberate indifference to serious medical needs and

21   accordingly will be served on the named Defendants other than Defendant Evans.

22   See, e.g., Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).

23   Defendant Evans is dismissed from this action, as Plaintiff fails to assert any

24   allegations against him other than that his duties "may include . . . safety and welfare

25   of inmates [and] oversight of medical personnel."  A supervisor may be liable under

26   Section 1983 upon a showing of (1) personal involvement in the constitutional

27   deprivation or (2) a sufficient causal connection between the supervisor's wrongful

28   conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d

1435, 1446 (9th Cir. 1991) (en banc), <u>cert. denied</u>, 502 U.S. 1074 (1992).  A supervisor therefore "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Absent such allegations, Defendant Evans is DISMISSED from this action.

### D.    Plaintiff's Responsibility to Effectuate Service

The Court shall direct the United States Marshal to serve copies of the complaint on the remaining named defendants.  Although incarcerated plaintiffs proceeding in forma pauperis may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own, for example, because the plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal regarding that defendant pursuant to Federal Rule of Civil Procedure 4(m). <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (quoting <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir.1990)), <u>overruled on other grounds</u>, <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).  Rule 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff has identified the following defendants as available for service at Salinas Valley State Prison: Dr. Charles Lee, Dr. Reynaldo Cordero, Dr. Helmar, Dr. R. Nanduri, Dr. Robert Bowman, Dr. Rachel Tortolini, Dr. Navneet Adya, Dr.

1  Randolph Gibbs, Lovesia Bey, C. Cuykendal, J. Armstrong, C. Backlin, L. Castro, C.

2  Moss, A. Carroll, Registered Nurse Moore, and Medical Technical Assistants Johnson

3  and Garcia.

4    Plaintiff has identified the following defendants at Kern Valley State Prison:

5  Dr. Ismail Patel, Dr. Marta Spaeth, Dr. Ashref Youseff, and Lynn Rumsey.

6  **E.    Motion for Appointment of Counsel**

7    Plaintiff has filed a motion for appointment of counsel.  (Docket no. 3.)  There

8  is no constitutional right to counsel in a civil case.  <u>Lassiter v. Dept. of Social</u>

9  <u>Services</u>, 452 U.S. 18, 25 (1981).  Having reviewed the complaint, the Court

10  determines that Plaintiff has articulated his claims sufficiently in light of the

11  complexity of the issues involved, and concludes that appointment of counsel is not

12  necessary at this time.  The motion for appointment of counsel is therefore denied

13  without prejudice.

14    Plaintiff also sent a letter to the Court asking for information about the ECF

15  registration information handout he had received (docket no. 4).  Plaintiff is not

16  required to register for Electronic Case Filing.  As an incarcerated and unrepresented

17  litigant, he may continue to file his documents in paper form and will receive

18  documents from the Court on paper rather than electronically.

19                                **CONCLUSION**

20    For the foregoing reasons and for good cause shown,

21    1.    Plaintiff's motion for appointment of counsel (Docket No. 3) is

22        DENIED without prejudice.

23    2.    All claims against Defendant Evans are DISMISSED from this action.

24    3.    The Clerk shall issue summons and the United States Marshal shall

25        serve, without prepayment of fees, copies of the complaint in this

26        matter, all attachments thereto, and copies of this order on the remaining

27        defendants at the Salinas Valley State Prison and Kern Valley State

28        Prison.  The clerk shall also <u>mail courtesy copies</u> of the complaint and

1  this order to the California Attorney General's Office.  The Clerk also

2  shall serve a copy of this order on Plaintiff.

3      4.    No later than **ninety (90) days** from the date of this order, Defendants

4  shall file a motion for summary judgment or other dispositive motion

5  with respect to the claims found to be cognizable above.

6      a.    If Defendants elect to file a motion to dismiss on the grounds

7  Plaintiff failed to exhaust his available administrative remedies as

8  required by 42 U.S.C. § 1997e(a), Defendants shall do so in an

9  unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

10  F.3d 1108, 1119-20 (9th Cir.), cert. denied, 540 U.S. 810 (2003).

11      b.    Any motion for summary judgment shall be supported by

12  adequate factual documentation and shall conform in all respects to Rule

13  56 of the Federal Rules of Civil Procedure.  Defendants are advised that

14  summary judgment cannot be granted, nor qualified immunity found, if

15  material facts are in dispute.  If any Defendant is of the opinion that this

16  case cannot be resolved by summary judgment, he shall so inform the

17  Court prior to the date the summary judgment motion is due.

18      5.    Plaintiff's opposition to the dispositive motion shall be filed with the

19  Court and served on Defendants no later than **thirty (30) days** from the date

20  Defendants' motion is filed.

21      a.    In the event Defendants file an unenumerated motion to dismiss

22  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

23  The defendants have made a motion to dismiss pursuant to Rule 12(b)
of the Federal Rules of Civil Procedure, on the ground you have not

24  exhausted your administrative remedies.  The motion will, if granted,
result in the dismissal of your case.  When a party you are suing makes

25  a motion to dismiss for failure to exhaust, and that motion is properly

26

27      [1]    The following notice is adapted from the summary judgment notice to be
given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir.

28  1998) (en banc), cert. denied, 527 U.S. 1035 (1999).  See Wyatt, 315 F.3d at 1120 n.14.

supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.      In the event defendants file a motion for summary judgment, the

Ninth Circuit has held that the following notice should be given to

plaintiffs:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand, 154 F.3d at 963. Plaintiff is advised to read Rule 56 of the Federal

Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

(party opposing summary judgment must come forward with evidence

showing triable issues of material fact on every essential element of his claim).

Plaintiff is cautioned that failure to file an opposition to Defendants' motion

for summary judgment may be deemed to be a consent by Plaintiff to granting

the motion, and granting of judgment against Plaintiff without a trial. See

Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (per curiam), cert. denied, 516

U.S. 838 (1995); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6.      Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

7.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address by filing a separate document titled "Notice of Change of Address" and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

11.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

SO ORDERED.

DATED:   06/13/08

THELTON E. HENDERSON
United States District Judge